# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT BAUMAN and CAROL BAUMAN, husband and wife, individually and as parents of their minor child,<br><br>    Plaintiffs,<br><br>v.<br><br>COOK CHILDREN'S HOSPITAL a/k/a COOK CHILDREN'S HEALTH CARE SYSTEM,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-07-1411-M<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Defendant's Brief in Support of Motion to Dismiss and Alternative Motion to Transfer Venue [docket no. 20], filed January 16, 2009. On February 3, 2009, plaintiffs filed their response, and on February 16, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

This case involves the medical, nursing, ancillary care and treatment provided to the minor child at Cook Children's Hospital ("Cook") in Fort Worth, Texas. Cook now moves the Court to dismiss this action for lack of personal jurisdiction and/or improper venue. In the alternative, Cook moves the Court to transfer this case to the Fort Worth Division of the United States District Court for the Northern District of Texas based on considerations of fairness, convenience, and the financial and other burdens pursuant to the *forum non conveniens* doctrine.

The change of venue provision, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of the parties, in the interest of justice, the Court may transfer any civil action to any other district or division where it may have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case

consideration of convenience and fairness." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal citations and quotations omitted). "The burden of establishing that the suit should be transferred is upon the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer the plaintiff's choice of forum should not be disturbed." *Texas Gulf Sulfur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

As the Tenth Circuit has observed:

> [a]mong the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516.[1]

Cook asserts that transfer is proper in this case because, *inter alia*, all of the medical, nursing, ancillary care and treatment received by the minor child at Cook occurred in Fort Worth, Texas. In response, plaintiffs asserts that transfer is improper because the aforementioned factors weigh in favor of adjudicating this action in this Court. Specifically, plaintiffs contend that Cook has utilized narrow evidentiary support in the form of an affidavit to sustain its conclusory statements that potential witnesses would be inconvenienced in this matter, without stating whether any such witnesses would be willing to travel to appear in this Court. Furthermore, plaintiffs proffer the

---

[1]The Court makes no findings on the following factors: (1) the enforceability of a judgment if one is obtained and (2) the difficulties that may arise from congested dockets.

possibility of witness appearances by videotape, for those who are unavailable to appear in person. Finally, plaintiffs state that Cook has not met its burden in establishing that it would be expensive to litigate in this Court.

Having reviewed the parties' submissions, the Court finds, in the interest of justice, that the instant action should be transferred to the Fort Worth Division of the United States District Court for the Northern District of Texas. While plaintiffs have chosen the Western District of Oklahoma as the forum, it is clear that a majority of the other factors weigh in favor of transfer. All events giving rise to plaintiffs' claims occurred in the Northern District of Texas, and the majority of medical personnel who are witnesses live in or near the Northern District of Texas. Specifically, it appears that at least thirty-two (32) physicians made entries in the minor's chart or provided care or treatment to plaintiffs' child at Cook's facility in Fort Worth, Texas. Many of these physicians are not employed by Cook but merely have privileges to practice at Cook. These physicians presently have places of business in the Forth Worth, Texas area. Furthermore, the minor received care from nurses, physician assistants, nurse assistants, radiology technicians, social workers and others, all located in Fort Worth, Texas. It appears that some of these potential witnesses would not be subject to compulsory process in the Western District of Oklahoma, particularly those witnesses who are no longer employed or affiliated with Cook. In any event, because the majority of witnesses in this case live and work in the Northern District of Texas, the relevant events occurred in the Northern District of Texas, and all medical records and other physical evidence are located in the Northern District of Texas, the Court finds that the accessibility of witnesses and other sources of proof weigh in favor of transferring this matter to the Northern District of Texas.

This case also involves, in part, an allegation that Cook's laboratory personnel improperly

transfused stem cells set aside for the minor child into another patient.  Cook asserts that its defense would require physical evidence from the laboratory to be presented in court for consideration by the jury.  The Court finds that it would be inconvenient and expensive for Cook to attempt to bring the physical evidence at issue to the Western District of Oklahoma for trial.  Furthermore, the Court finds that it would be inconvenient and expensive for Cook to attempt to bring the potentially large number of physicians, nurses and ancillary staff that provided care to the minor child to the Western District of Oklahoma to testify at the trial of this case.

Moreover, plaintiffs do not dispute that the Northern District of Texas is a venue where this case might have been brought.  Defendant, therefore, is clearly subject to the personal jurisdiction of the Fort Worth Division of the United States District Court for the Northern District of Texas under the facts of this case.

The Court also finds that choice of law issues favor having a Texas court adjudicate this case.  The injury occurred in Texas; the conduct alleged to have caused the injury occurred in Texas; Cook is a resident of Texas, and the relationship between the parties and all substantial interactions appear to have occurred in Texas.  Because Texas appears to be the state with the most significant relationship to the occurrence and the parties at issue in this case, the Court finds that Texas law would likely be applicable in this case.  Also of importance is the fact that Texas law concerning medical malpractice has undergone substantial change in the last decade and appears to differ in several respects with that of Oklahoma.  *See, e.g.*, Charles W. Bailey, et al., *House Bill 4 and Proposition 12: An Analysis with Legislative History, Parts 1, 2 & 3*, 36 Tex. Tech L. Rev. 1, 36 Tex. Tech L. Rev. 51, 36 Tex. Tech. L. Rev. 169 (2005) (discussing the 2003 passage and contents of major medical malpractice liability reform in Texas).  The Court finds, therefore, it is reasonable

that Texas courts will have greater familiarity with and interest in interpreting the applicable Texas law as it applies to plaintiffs' malpractice claims, and this factor weighs in favor of transfer.

The Court further finds the advantage of having localized controversies decided at home weighs in favor of transfer to the Fort Worth Division of the United States District Court for the Northern District of Texas. Indeed, residents of Fort Worth and the surrounding communities, who would likely make up the jury pool, have a greater interest in allegations of malpractice at a local hospital. In contrast, members of the Western District of Oklahoma have a significantly reduced interest in the issues in this case. Therefore, this factor weighs in favor of transferring the case to the Northern District of Texas.

Accordingly, the Court finds that the balancing of factors favors transferring this matter to the Fort Worth Division of the United States District Court for the Northern District of Texas.

For the reasons set forth in detail above, the Court hereby GRANTS the motion to transfer and TRANSFERS the instant case to the Fort Worth Division of the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED this 31st day of March, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE